FILED

05/13/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0665

DA 24-0665

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 104N

FRITZ GROENKE,

      Plaintiff and Appellee,

  v.

RYAN DEAN GABRIEL,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DR-24-527
Honorable Danni Coffman, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Ryan Dean Gabriel, Self-Represented, Lakeside, Montana

      For Appellee:

          Robert C. Lukes, Garlington, Lohn & Robinson, PLLP, Missoula, Montana

Submitted on Briefs:  April 2, 2025

Decided:  May 13, 2025

Filed:

          _____
                    Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Ryan Dean Gabriel appeals the October 16, 2024 order of the Montana Eleventh Judicial District Court, Flathead County, affirming a two-year Order of Protection the Flathead County Justice Court issued against him and in favor of Fritz Groenke, based in part on Gabriel's direct threats of violence, including threatening to shoot Groenke in the face and sending graphic messages depicting violence. We affirm.

¶3 On appeal from a justice court of record, district courts act as intermediate appellate courts, reviewing findings of fact for clear error, conclusions of law for correctness, and discretionary rulings for an abuse of discretion. *Cook v. Bodine*, 2024 MT 189, ¶ 9, 418 Mont. 49, 555 P.3d 236. On appeal from district court, we review the justice court decision independently, applying the same standard of review. *Cook*, ¶ 9. We will not overturn a court's decision to continue, amend, or make permanent an order of protection absent an abuse of discretion. *Boushie v. Windsor*, 2014 MT 153, ¶ 8, 375 Mont. 301, 328 P.3d 631.

¶4 Gabriel asserts that the Justice Court: (1) erroneously found Gabriel the aggressor; (2) erroneously found credible threats existed; (3) erroneously accepted Groenke's

interpretation of the evidence; (4) violated Gabriel's First Amendment rights; and (5) improperly excluded Gabriel's evidence or admitted inadmissible evidence.

¶5     First, we consider whether the Justice Court erred in identifying Gabriel as the aggressor.  Under § 40-15-201(1), MCA, an order of protection is justified if the petitioner demonstrates reasonable apprehension of bodily injury.  *See Lear v. Jamrogowicz*, 2013 MT 147, ¶ 22, 370 Mont. 320, 303 P.3d 790.  The record shows Gabriel explicitly threatened to shoot Groenke in the face and subsequently sent graphic communications intended to intimidate Groenke.  Montana law applies an objective standard for assessing threats, evaluating whether a "reasonable person" would feel threatened under similar circumstances.  *See State v. Martel*, 273 Mont. 143, 150, 902 P.2d 14, 19 (1995).  Gabriel's references to Oregon court orders regarding property possession do not negate the objectively threatening nature of his communications.

¶6     Next, Gabriel contends the Justice Court erred in finding credible threats existed.  Under Montana law, a petitioner may seek a temporary order of protection by filing a sworn petition stating that he or she is in reasonable apprehension of bodily injury or is a victim of certain offenses.  Section 40-15-201(1), MCA.  The court shall issue a temporary order of protection if it finds that the petitioner is in danger of harm if the court does not act immediately.  Section 40-15-201(2), MCA.  A court may continue, amend, or make permanent a temporary order of protection if it finds, after hearing, that good cause exists to do so.  Section 40-15-202(1), MCA.  Explicit threats such as those Gabriel made clearly meet the requirement that a reasonable person would experience apprehension of bodily injury and be entitled to a temporary order of protection pursuant to § 40-15-201(1), MCA.

3

Substantial evidence supports the Justice Court's finding, affirmed by the District Court, that Gabriel's direct threat and subsequent graphic communications demonstrated reasonable apprehension of bodily injury and danger of harm if the Justice Court did not act immediately pursuant to § 40-15-201(2), MCA, and did not continue the order of protection for two years under § 40-15-202(1), MCA.

¶7 Gabriel argues the Justice Court improperly credited Groenke's interpretation of evidence. However, a trial court's credibility determinations are granted significant deference as articulated in *Cremer Rodeo Land & Livestock Co. v. McMullen*, 2023 MT 117, ¶ 46, 412 Mont. 471, 531 P.3d 566. Substantial credible evidence, including voicemail and graphic communications Gabriel sent Groenke, supported the Justice Court's finding that Groenke credibly and reasonably expressed fear. Gabriel's arguments about unrelated Oregon litigation did not directly undermine these fundamental credibility determinations.

¶8 Gabriel further asserts violations of his First Amendment rights. True threats fall outside First Amendment protection. *Virginia v. Black*, 538 U.S. 343, 358-59, 123 S. Ct. 1536, 1547 (2003). Gabriel relies on *Counterman v. Colorado*, 600 U.S. 66, 143 S. Ct. 2106 (2023), in which the Supreme Court required at least recklessness regarding the threatening nature of speech to impose criminal liability. *Counterman* specifically addresses criminal prosecutions. By contrast, this case involves a civil protective order, governed by an objective standard—whether a reasonable person would experience apprehension of bodily injury—under §§ 40-15-201 and -202, MCA. Thus, *Counterman* is distinguishable and does not alter our analysis.

4

¶9     Finally, Gabriel alleges the Justice Court ignored exculpatory evidence or admitted inadmissible evidence.  Trial courts maintain broad discretion to admit relevant evidence while excluding irrelevant or collateral matters.  *State v. Passmore*, 2010 MT 34, ¶ 51, 355 Mont. 187, 225 P.3d 1229.  Gabriel's evidence primarily addressed collateral issues, such as alleged professional misconduct and unrelated Oregon civil disputes, rather than directly confronting the statutory elements required for an order of protection.  Here, the Justice Court appropriately exercised discretion in admitting evidence directly relevant to Gabriel's reasonable apprehension of bodily injury while excluding evidence it found irrelevant or collateral.  Thus, the District Court properly affirmed the Justice Court's exercise of discretion in its evidentiary rulings.

¶10    In sum, substantial credible evidence supports the Justice Court's findings, its legal conclusions correctly apply Montana law, and its decision to continue the order of protection was not an abuse of discretion.  The District Court correctly affirmed the Justice Court's issuance of the two-year order of protection.

¶11    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12    Affirmed.

/S/ KATHERINE M BIDEGARAY

We Concur:

/S/ CORY J. SWANSON
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ JIM RICE